Todd M. Friedman, Esq. (216752)
tfriedman@toddflaw.com
Adrian R. Bacon, Esq. (280332)
abacon@toddflaw.com
Meghan E. George, Esq. (274525)
mgeorge@toddflaw.com
Thomas E. Wheeler, Esq. (304191)
twheeler@toddflaw.com
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff, ALEXIOS KAFATOS

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEXIOS KAFATOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PUBLISHERS CLEARING HOUSE LLC, and Does 1-10, inclusive,<br><br>Defendant(s). | Case No.<br><br>**Class Action Complaint For Violations Of:**<br><br>**1. The Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code* §§1788, et seq.**<br><br>**<u>Jury Trial Demanded</u>** |

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, PUBLISHERS CLEARING HOUSE LLC ("Defendant"), in an effort to deceive consumers and debtors into paying far more money than legally owed.

2. In particular, Plaintiff ALEXIOS KAFATOS (hereinafter "Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from them and other consumers and debtors by systematically sending them mail or email based collection correspondence that charged these consumers for services or goods that they did not in fact purchase.

3. Such conduct is inherently deceptive and misleads the least-sophisticated consumer, as it is it is plausible that an unsophisticated consumer would believe based on these letters and emails that they owe a higher amount than they in fact owe or owe debts that they in fact do not owe.

4. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments on amounts that they did not owe, thereby allowing Defendant to unfairly and unlawfully gain money from consumers and provide nothing in return.

5. Thus, Plaintiff brings class action claims against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), which was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit

debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e); *Cal. Civ. Code* §1788.1(b). Plaintiff alleges that Defendant's practices were unlawful, unfair and fraudulent and violated California Business and Professions Code §17200 (hereinafter "CBPC").

**Jurisdiction and Venue**

6. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a New York entity. Plaintiff also seeks $1,000.00 in damages for each violation of the law, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Plaintiff resides in Orange County, and Defendant does business within the state of California and the Central District of California.

**The Parties**

8. Plaintiff is a natural person residing in Orange County, State of California who is allegedly obligated to pay any debt, and from whom a debt

collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering them a "a "debtor" under the RFDCPA, *Cal. Civ. Code* §§1788.2(h).

9. Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due themselves. Thus, Defendant is a "debt collector," under the RFDCPA, *Cal. Civ. Code* §1788.2(c).

10. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "consumer debt(s)," under the RFDCPA, *Cal. Civ. Code* §1788.2(f).

**<u>Factual Allegations</u>**

11. Within one (1) year preceding the filing of this class action lawsuit, Defendant attempted to collect an alleged debt from Plaintiff.

12. In or around September of 2015, Defendant sent Plaintiff collection notices via mail and email whereby Defendant attempted to collect a debt that Plaintiff disputes, thus harassing Plaintiff and causing Plaintiff to feel anxious and deceived.

13. In or around December of 2015, Defendant sent Plaintiff an additional collection notice via email to collect the disputed debt.

14. Plaintiff and Defendant had no agreement for services or goods. Thus, no interest, charges, or fees were owed to Defendant by Plaintiff nor were they authorized by law.

15. Defendant alleged that Plaintiff ordered a magazine subscription from Defendant and was delinquent on payments for said subscription.

16. However, Plaintiff neither purchased a magazine subscription nor received any magazines from Defendant.

17. Despite this, Defendant continued to cause Plaintiff to incur a charge that Plaintiff did not in fact owe to Defendant, and Defendant continued to attempt to collect on said charge.

18. Ultimately, Defendant's attempts to collect on a debt mislead Plaintiff into believing that they owed a debt to Defendant, and as a direct and foreseeable result, caused Plaintiff to feel harassed, anxious, and deceived.

## Class Allegations

19. Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

20. Plaintiff represents, and is a member of the following class:

> All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that attempted to charge interest, fees, or charges not authorized in an original agreement or by state law.

21. As a result of Defendant's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding the legal status of their debts and how much they owe.

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

25. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers that:

   i. Falsely represented the amount of the debt; and

   ii. Charged interest, fees, or charges not authorized in the original agreement or by state law;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

26. As a person that received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

27. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly paying more than they in fact owe.

28. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the RFDCPA.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

**Violation of the Rosenthal Fair Debt Collection Practices Act**

**ON BEHALF OF THE CLASS**

32. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

33. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." *Cal. Civ. C.* §1788.17.

34. Thus by engaging in conduct prohibited by Sections e(2)(A), e(10) and f of the FDCPA, Defendant violated the RFDCPA.

35. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## **Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.
c. For actual damages according to proof;
d. For reasonable attorneys' fees and costs of suit;
e. For prejudgment interest at the legal rate; and
f. For such further relief as this Court deems necessary, just, and proper.

## **Trial by Jury**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated: October 27, 2016

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff